PER CURIAM.
Appellant challenges the trial court’s summary denial of his postconviction motion attacking the legality of his sentence. Appellant, initially sentenced to 18 months’ imprisonment and 42 months’ probation, filed a motion to mitigate sentence. During the hearing that followed, the trial court added the condition that the first two years of the probationary term be served as drug offender probation. Appellant challenged the legality of that enhancement by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), and the trial court denied the motion pursuant to the law and procedures provided under that rule.
However, Appellant’s motion presented a facially sufficient claim for relief pursuant to Florida Rule of Criminal Procedure 3.800(a). Consequently, the trial court should have construed Appellant’s motion as though it had been filed pursuant to that rule. See e.g., State v. Matthews, 891 So.2d 479, 482 n. 6 (Fla.2004) (noting that although identified by defendant as a rule 3.800(b) motion, the trial court correctly construed it to be one filed pursuant to rule 3.800(a)).
The trial court’s order denying Appellant’s 3.800(b) motion for relief is REVERSED, and the case REMANDED for reconsideration under rule 3.800(a).
KAHN, C.J., HAWKES, and THOMAS, JJ., concur.